Adam S. Affleck (Utah Bar No. 5434)
**RICHARDS BRANDT MILLER NELSON**
A Professional Law Corporation
111 East Broadway, Suite 400
Salt Lake City, UT 84111
adam-affleck@rbmn.com
Telephone: (801) 531-2000
Facsimile: (801) 532-5506
Attorneys for Chapter 7 Trustee, J. Kevin Bird

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re Justin Dean Barrow,<br>Debtor. | Bankruptcy Case No. 24-20609<br>(Chapter 7) |
| J. Kevin Bird, chapter 7 trustee,<br>Plaintiff,<br>vs.<br><br>Barrow Land and Livestock, LLC,<br>Defendant. | Adv. Pro. No. 26-2025<br><br>Honorable David H. Leigh<br><br>(filed electronically) |

## REPORT OF PARTIES' PLANNING MEETING

1. **Planning Conference**. Pursuant to Fed. R. Civ. P. 26(f), made applicable by Fed. Bankr. R. 7026, and Local Rule 7026-1(a), a telephonic meeting was held on and was attended by: Adam Affleck for J. Kevin Bird (the "**Trustee**") and Dastan D'O for Barrow Land and Livestock, LLC ("**BLL**").

2. **Initial Disclosures**. The parties will exchange by **November 16, 2026,** the information required by Fed. R. Civ. P. 26(a)(1), made applicable by Fed. R. Bankr. P. 7026.

3. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

a. **Subjects of Discovery.** Given that BLL has filed a general denial of all allegations of the complaint (except for admitting the following: (a) that this Court has subject-matter jurisdiction under 28 U.S.C. § 1334(a) and that venue is proper under 28 U.S.C. § 1409(a); (b) that the Debtor commenced his chapter 7 case by filing a voluntary petition on February 14, 2024; (c) that BLL holds the "Acknowledgement and Note" and the "Agreement" (Security Agreement) attached to the Complaint as Exhibits 1 and 2, each of which is a written instrument that speaks for itself; (d) that BLL holds and has maintained continuous possession of the Membership Certificates attached to the Complaint as Exhibit 4 through the Petition Date; and (e) that BLL filed the financing statements identified in the Complaint with the Utah Division of Corporations and Commercial Code) discovery is necessary on all allegations of the complaint.

b. **Electronically Stored Information.** Disclosure or discovery of electronically stored information should be handled as provided in Federal Rule of Civil Procedure 34(b)(D) & (E); provided, however, that the parties may request amendment of the Court's pretrial/scheduling order to the extent that such procedures are later determined by the parties to be insufficient to address the issues that may arise.

c. **Assertions of Privilege.** The parties agree that the provisions and procedures set forth in Federal Rule of Civil Procedure 26(b)(5) shall apply to claims of privilege or work-product immunity in response to discovery.

d. **Non-**Expert **Discovery.**

i. Discovery must be commenced in time to be completed by: **March 31, 2027.**

ii. Maximum of written interrogatories under Fed. R. Civ. P. 33, made applicable by Fed. R. Bankr. P. 7033, by each party to any other party: **25**.

iii. Maximum of written requests for admission under Fed. R. Civ. P. 36, made applicable by Fed. R. Bankr. P. 7036, by each party to any other party: **20.**

iv. Maximum of written requests for production of documents under Fed. R. Civ. P. 34, made applicable by Fed. R. Bankr. P. 7034, by each party to any other party: **25.**

v. Maximum of depositions by plaintiff(s) and by defendant(s): **6 for each side**.

vi. Each oral deposition limited to maximum of hours, unless extended by agreement of parties: **6 hours.**

vii. The parties understand that disclosures and discovery responses must be supplemented in accordance with Fed. R. Civ. P. 26(e)(1), made applicable by Fed. R. Bankr. P. 7026, and the parties agree that supplements shall be made no later than **30 days** from the date a need to supplement is discovered.

e. **Expert Discovery.**

i. All expert discovery commenced in time to be completed by: **June 30, 2027.**

ii. The party with the burden of proof with respect to an issue for which expert witness testimony is necessary or desired shall make the disclosures required under Fed. R. Civ. P. 26(a)(2) and serve reports from retained experts by: **April 30, 2027**.

iii. If a party desires to present expert witness testimony for the purpose of contradicting or rebutting evidence on the same subject matter identified by another party, then such party shall make the disclosures required under Fed. R. Civ. P. 26(a)(2) and serve reports from retained experts by: **May 31, 2027.**

4. **Pretrial Motions.**

a. **Joinder of Parties.** Deadline to file motions to join additional parties by plaintiff and defendants is **December 31, 2026**.

b. **Amendment of Pleadings.** Deadline to file motions to amend the pleadings by plaintiff and by defendants is **February 1, 2027.**

c. **Dispositive Motions.** All potentially dispositive motions should be filed by **June 30, 2027.**

5. **Other Items.**

a. **Final Pretrial Conference.** The parties request a pretrial conference in **July 2027.**

b. **Protective Orders.** Fed. R. Civ. P. 26(c), made applicable by Fed. R. Bankr. P. 7026, applies to all requests for a protective order. The parties agree to use the standard form protective order pursuant to DUCivR 26-2.

DATED: October 21, 2026

RICHARDS BRANDT MILLER NELSON

*/s/ Adam S. Affleck*
Attorneys for J. Kevin Bird, chapter 7 trustee

Casewell Law

*/s/ Dastan D'o*
Attorneys for Barrow Land & Livestock, LLC

**CERTIFICATE OF SERVICE**

I certify that, on October 21, 2026, a copy of the foregoing document was served by ECF to the following:

Dastan M. D'o
Casewell Law
10421 S. Jordan Gateway, Suite 600
South Jordan, UT 84095
dmd@casewell.law
Attorneys for Barrow Land and Livestock, LLC