**This order is SIGNED.**

**Dated: November 3, 2026**

**DAVID H. LEIGH**
**U.S. Bankruptcy Judge**

*slo*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>JUSTIN DEAN BARROW,<br><br>Debtor. | Bankruptcy Number: 24-20609<br><br>Chapter 7 |
| J. KEVIN BIRD, *in his capacity as Chapter 7 Trustee of the bankruptcy estate of Justin Dean Barrow*,<br><br>Plaintiff,<br><br>vs.<br><br>BARROW LAND & LIVESTOCK, LLC,<br><br>Defendant. | Adversary Proceeding Number: 26-02025<br><br>Hon. David H. Leigh |

## ORDER GOVERNING SCHEDULING AND PRELIMINARY MATTERS

On October 21, 2026, the Court entered an *Order: Striking Initial Pretrial Conference Scheduled on October 22, 2026; (2) Setting Order to Show Cause Hearing on November 12, 2026, at 2:00 P.M.; and (3) Requiring Plaintiff to File a Status Report No Later Than November 5, 2026* (the "**Order to Show Cause**") [Docket No. 9]. The Order to Show Cause set a hearing on November 12, 2026, at 2:00 p.m. based on the parties' failure to file a report of planning meeting by the deadline on October 15, 2026.

On October 21, 2026, the parties jointly filed *Report of Parties' Planning Meeting* (the "**Report**") [Docket No. 10] and the Plaintiff filed a *Status Report* [Docket No. 11]. The Report is accepted by the Court and the hearing on the Order to Show Cause set for November 12, 2026, at 2:00 p.m., was stricken as unnecessary by separate order.

The following matters are hereby scheduled. Times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause. Pursuant thereto,

**IT IS HEREBY ORDERED** that:

1. **PLANNING MEETING**: The *Report of Parties' Planning Meeting* [Docket No. 10] is hereby accepted.

2. **PRE-DISCOVERY DISCLOSURES**: The Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026 completion date is **November 16, 2026**.

3. **DISCOVERY PLAN**:

    a. Non-Expert Discovery.

        i. Excluding expert discovery provided for below, all discovery, including responses to discovery requests, must be completed by March 31, 2027. Discovery requests shall be served sufficiently in advance to require responses to such requests to have been served by such date.

        ii. The following limitations on discovery are fixed by the Court.

            1. Maximum interrogatories by any party to any party: twenty-five (25).

            2. Maximum requests for admissions by any party to any party: twenty (20).

            3. Maximum requests for production of documents by any party to any party: twenty-five (25).

            4. Maximum number of depositions by plaintiff(s): six (6).

            5. Maximum number of depositions by defendant(s): six (6).

            6. Each deposition shall be limited to a maximum of six (6) hours unless extended by agreement of the parties.

            7. Supplementations under Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 are due within thirty (30) days of the party bearing the burden becoming aware of the duty to supplement.

    b. Expert Discovery.

i. All expert discovery, including responses to discovery requests, must be completed by **June 30, 2027**. Discovery requests shall be served sufficiently in advance to require responses to such requests to have been served by such date.

ii. The party with the burden of proof with respect to an issue for which expert witness testimony is necessary or desired shall make the disclosures required under Fed. R. Civ. P. 26(a)(2) and serve reports from retained experts by: **April 30, 2027**.

iii. If a party desires to present expert witness testimony for the purpose of contradicting or rebutting evidence on the same subject matter identified by another party, then such party shall make the disclosures required under Fed. R. Civ. P. 26(a)(2) and serve reports from retained experts by: **May 31, 2027**.

4. **MOTION DEADLINE**: The deadline for joining additional parties by plaintiff(s) and by defendant(s) is **December 31, 2026**. The deadline for amending pleadings by plaintiff(s) and by defendant(s) is **February 1, 2027**. The deadline for filing dispositive or potentially dispositive motions is **June 30, 2027**.

5. **ATTORNEYS' CONFERENCE**: Counsel for the parties – or a party if *pro se* – shall hold a conference to discuss settlement, a proposed pretrial order, stipulated facts, exhibit lists, witness lists and other matters that will aid in the preparation of an accurate, complete and definitive pretrial order. This conference shall be held on or before **June 17, 2027**, by telephone, virtual means (i.e., Zoom, Teams, etc.), or in person at a location that is mutually agreeable to the parties.

6. **PRETRIAL ORDER**: The parties shall file a proposed pretrial order on or before **July 1, 2027**. Plaintiff(s)'s counsel (or the plaintiff(s) if acting *pro se*) shall take the lead in drafting the proposed pretrial order that shall be presented for discussion at the attorneys' conference. If counsel (or the parties if acting *pro se*) is unable to agree upon a proposed pretrial order, the matter will be resolved by the Court at the final pretrial conference. If no agreement as to the proposed pretrial order has been reached, plaintiff(s)'s counsel (or plaintiff(s) if acting *pro se*) shall nevertheless file on the required date a proposed pretrial order which shall be accompanied by a statement from counsel for the parties explaining and arguing the areas of disagreement.

   Failure of plaintiff(s)'s counsel (or plaintiff(s) if acting *pro se*) to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the Court, in its sole discretion, grants relief for cause shown, result in the dismissal of the adversary proceeding. If defendant(s)'s counsel (or

defendant(s) if acting *pro se*) fails to stipulate to the proposed pretrial order timely filed by the plaintiff(s) and fails to file timely defendant(s)'s explanation and argument with respect to shortcomings in the proposed pretrial order, the proposed order, unless modified by the Court in its sole discretion and to prevent manifest injustice, shall control the course of the trial.

7. **FINAL PRETRIAL CONFERENCE**: A final pretrial conference shall be held on **July 15, 2027, at 1:30 PM (prevailing Mountain Time),** before the Honorable David H. Leigh. This hearing will be held in person at the Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah, 84101. More information regarding the specific courtroom assignment shall be provided by the Court prior to the final pretrial conference.

   At the Final Pretrial Conference, the Court will set deadlines and issue an order for the following items:

   a. Trial date

   b. Trial briefs

   c. Proposed findings and conclusions required pursuant to Local Rule 7052-1

   d. Witness and exhibits lists.

8. **COMPLIANCE WITH LOCAL RULES**: Counsel shall consult the Local Rules of this Court with respect to motion practice, attorneys' conference, content of the proposed pretrial order, the filing of proposed findings and conclusions in a trial to the Court, and other matters appropriate to the litigation. In the event of conflict between any Local Rule and this order, this order shall control.

9. **SETTLEMENT**: The parties are encouraged to seek either a judicial settlement conference or a private mediation of this matter, and the Court may conduct separate future status conferences to inquire as to the parties' progress.

10. **NON-COMPLIANCE WITH SCHEDULING ORDER:** Failure to comply with the deadlines set forth in this *Order Governing Scheduling and Preliminary Matters* may, in the Court's sole discretion, result in appropriate sanctions pursuant to Fed. R. Civ. P. 16(f)(1),[1] including the following: striking pleadings, staying further proceedings until the order is obeyed, dismissing the action, or rendering default judgment against the disobedient/noncomplying party. See Fed. R. Civ. P. 37(b)(2)(A).[2] The Court may impose such sanctions without further notice or hearing.

---

[1] As made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7016.
[2] As made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7037.

If the parties cannot meet a deadline or agree to extend deadlines, the parties must take appropriate action to request an extension from the Court prior to the expiration of the deadlines set forth in this Order.

END OF DOCUMENT

# DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing Order Governing Scheduling and Preliminary Matters shall be served on the parties in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users.

- Adam S. Affleck adam-affleck@rbmn.com, andalin-bachman@rbmn.com;nicole-gaitan@rbmn.com
- Dastan M D'O dmd@casewell.law

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

None.